UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: BROILER CHICKEN GROWER
ANTITRUST LITIGATION                                                MDL No. 2838


ORDER DENYING TRANSFER


**Before the Panel:** Plaintiffs in the two actions listed on Schedule A move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Eastern District of Oklahoma. This litigation consists of two actions pending in the Eastern District of North Carolina and the Eastern District of Oklahoma, as listed on Schedule A. Responding defendants[1] support centralization in the Eastern District of Oklahoma.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Plaintiffs have not met that burden here.

There is no dispute that this litigation involves common factual questions relating to allegations that defendants agreed not to compete for "Broiler Grow-Out Services," *i.e.*, the services of farmers who raise broiler chickens under contracts with chicken processors such as defendants. But there are only two actions before the Panel, brought by the same plaintiffs against different defendants.[2] In these circumstances, alternatives to centralization, such as informal cooperation among the relatively few involved attorneys and coordination among the involved courts, are eminently feasible and will be sufficient to minimize any potential for duplicative discovery or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

---

[1] Responding defendants are Tyson Foods, Inc.; Tyson Chicken, Inc.; Tyson Breeders, Inc.; Tyson Poultry, Inc.; Perdue Farms, Inc.; Koch Foods, Inc.; Koch Meat Co., Inc., d/b/a Koch Poultry Co.; Sanderson Farms, Inc.; Sanderson Farms, Inc. (Food Division); Sanderson Farms, Inc. (Processing Division); and Sanderson Farms, Inc. (Production Division).

[2] Plaintiffs' claims initially were brought in a single action in the Eastern District of Oklahoma. The court dismissed two groups of defendants on personal jurisdiction and venue grounds, resulting in the two actions now before the Panel.

-2-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: BROILER CHICKEN GROWER
ANTITRUST LITIGATION**                           MDL No. 2838

## SCHEDULE A

<u>Eastern District of North Carolina</u>

HAFF POULTRY, INC., ET AL. v. KOCH FOODS, INC., ET AL.,
    C.A. No. 7:18-00031

<u>Eastern District of Oklahoma</u>

HAFF POULTRY, INC., ET AL. v. TYSON FOODS, INC., ET AL.,
    C.A. No. 6:17-00033